IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>JESSE FRANCISCO ROSALES,<br><br>                    Defendant.<br>_____/ | CASE NOS. CR F 05-0179 LJO and CV F 09-1895 LJO<br><br>**ORDER ON DEFENDANT'S 28 U.S.C. § 2255 PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE**<br>(Doc. 129-30) |

## INTRODUCTION

Defendant/petitioner Jesse Francisco Rosales ("defendant") is a federal prisoner and proceeds pro se to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court considered defendant's section 2255 petition on the record and denies defendant's requested relief.

## BACKGROUND

### Charges And Plea

The charging document, i.e., the Superseding Indictment, involved one count of conspiracy to distribute methamphetamine and heroin, two counts of distribution of a controlled substance, and one count of possession of methamphetamine with intent to distribute, violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. (Doc. 91.)

On the date set for trial, October 15, 2007, defendant entered a change of plea and plead guilty to one count of conspiracy. The government thereafter dismissed counts two, three, and four of the

1  Superceding Indictment.  At the time of the change of plea, the Court informed plaintiff that the
2  maximum penalty was ten years to life. The Court informed defendant that it could not indicate what
3  his sentence would actually be, but could only tell him what the maximum possible sentence would be.
4  The Court indicated that it required a presentence report to evaluate the sentence guidelines.  The Court
5  read Count 1 of the superceding indictment to which defendant then plead guilty. The Court accepted
6  the knowing, intelligent and voluntary waiver of rights and the knowing, intelligent and voluntary
7  change of plea.

**Sentencing**

9  This Court conducted a January 4, 2008 sentencing hearing at which defendant acknowledged
10 that he had a chance to review with counsel the Presentence Investigation Report and had no questions.
11 Defense counsel argued the recommendation of 188 months was too severe because it was defendant's
12 first offense and that the minimum was 120 months. The Court inquired as to the sentences of the
13 codefendants, who were sentenced to lesser time.  The Court was informed their sentences were based
14 upon cooperation with the government. The Court noted the offense level at 36, criminal history at I and
15 the Guideline range as 188 months to 235 months.  After defendant declined to offer anything further,
16 this Court sentenced defendant to 188 months imprisonment, imposed a special assessment and 60
17 months supervised release.

**Appeal of Sentence**

19 On January 8, 2008, defendant filed a notice of appeal to the Ninth Circuit challenging the
20 sentence of the Court. (Doc. 110.)    On January 15, 2009, the Ninth Circuit Court of Appeals affirmed
21 the sentence of 188 months.  (Doc. 127.)

**Section 2255 Petition**

23 On October 28, 2009, defendant filed his section 2255 petition and related papers.  The papers
24 claim ineffective assistance of counsel for failing (1) to undertake a more extensive investigation of a
25 prosecution witness (Doc. 130, §2255 petition p. 3), (2) to advise defendant as to the minimum sentence
26 defendant could receive, and (Doc. 130, §2255 petition p.13), (3) to prepare a plea agreement for
27 defendant.

28

# DISCUSSION

## Ineffective Assistance Of Counsel

Defendant claims ineffective assistance of counsel. Although his 2255 petition is unclear, defendant appears to claim that he expected a lower sentence or is disgruntled with his sentence. A defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). As such, this Court scrutinizes defendant's ineffective assistance of counsel claim.

### A.  Standards for Ineffective Assistance of Counsel

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. At 2064. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has affirmatively proven prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs

when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). A defendant may be granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely because the outcome may have been different but for counsel's errors. *Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842. Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

**B.     Failure to Interview Potential Witnesses and Failure to Use the Testimony at Trial**

Defendant argues ineffective assistance of counsel for counsel's failure to conduct an adequate investigation which would have revealed evidence impeaching witness/codefendant Ada Hernandez Elm ("Elm"). Defendant argues that an adequate investigation would have disclosed she was cooperating with the government, was lying because she was the mastermind of the crimes, as opposed to defendant, and that defendant had an alibi.

Defense counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052. This includes a duty to investigate the defendant's "most important defense," *Sanders v. Ratelle*, 21 F.3d at 1457, and a duty adequately to investigate and introduce into evidence records that demonstrate factual

4

innocence, or that raise sufficient doubt on that question to undermine confidence in the verdict. *Hart v. Gomez*, 174 F.3d 1067, 1070 (9th Cir.), *cert. denied*, 528 U.S. 92 (1999). However, "the duty to investigate and prepare a defense is not limitless: it does not necessarily require that every conceivable witness be interviewed." *Hendricks v. Calderon*, 70 F.3d 1032, 1040 (9th Cir.1995), *cert. denied*, 517 U.S. 111 (1996) (citations and quotations omitted). "A claim of failure to interview a witness ... cannot establish ineffective assistance when the person's account is otherwise fairly known to defense counsel." *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir.1986) (citations and quotations omitted). Furthermore, "ineffective assistance claims based on a duty to investigate must be considered in light of the strength of the government's case." *Id.*

In this case, however, defendant cannot assert ineffective assistance of counsel in investigating the case. Defendant waived his pre-plea ineffective assistance of counsel claim when he entered his guilty plea. *U.S. v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005) (it is well-settled that an unconditional guilty plea cures all antecedent constitutional defects), *cert. denied*, 546 U.S. 891, 126 S.Ct. 199, 163 L.Ed.2d 204 (2005) ; *United States v. Cortez*, 973 F.2d 764, 767 (9th Cir.1992) (holding that guilty plea precluded defendant from challenging pre-plea selective prosecution claim but not from challenging knowing and voluntary character of his plea because of ineffective assistance of counsel); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir.1992) (per curiam) (explaining that guilty plea generally waives all claims of a constitutional nature occurring before plea). Indeed, the Supreme Court has declared:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea....

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). "[A] guilty plea represents a break in the chain of events which has proceeded it in the criminal process[.]" *Tollett*, 411 U.S. at 267, 93 S.Ct. at 1608. Thus, challenges to guilty pleas in the federal habeas context are generally limited to two major issues: (1) whether the plea was voluntary and intelligent; and (2) whether the petitioner received constitutionally adequate assistance of counsel with regard to the plea process. See

*United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 762 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.")

Here, defendant, by entering a plea of guilty, waived his right to have this Court review any claims which allege constitutional deprivations that occurred prior to the entry of defendant's guilty plea. Defendant's claim that his trial counsel was ineffective relates to trial counsel's conduct in investigating the case, which occurred prior to defendant's plea of guilty. That pre-plea claim is waived by the guilty plea. Accordingly, defendant has failed to state a cognizable federal habeas claim of ineffective assistance of trial counsel. *Tollett*, 411 U.S. at 267.

**C.     Failure to Prepare a Plea Agreement**

Defendant also argues that the government offered a plea deal for a plea to the conspiracy charge 17 months before trial. Defendant argues that defendant's counsel never did any effort to work on any type of agreement between defendant and the government.

Here, however, as noted above, defendant waived his pre-plea ineffective assistance of counsel claims when he entered his guilty plea. See *U.S. v. Lopez-Armenta* 400 F.3d at 1175 (guilty plea waives of pre-plea constitutional defects); *States v. Cortez*, 973 F.2d at 767 (same).

Defendant's guilty plea waived his right to assert failure to prepare a plea agreement because the conduct occurred before the guilty plea. This claim does not challenge the voluntary and intelligent character of his guilty plea. It challenges that had counsel engaged in settlement discussions before his guilty plea, defendant may have obtained better sentencing. Defendant's guilty plea forecloses his claim of "ineffective counsel" in negotiating a better deal at an earlier stage of the proceedings.

**D.     Court Failed to Advise of the Minimum Sentence**

Defendant contends that the Court failed to comply with Crim.Rule 11. He claims his guilty plea was not given voluntarily and intelligently because he did not understand that he was pleading to a crime with a minimum ten years sentence. He notes that his trial counsel failed to object that the Court did not

advise petitioner of the <u>minimum</u> sentence he could receive, and therefore, resulted in ineffective assistance of counsel.

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). To determine voluntariness, the Court examines the totality of the circumstances. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). "The voluntariness of [a petitioner's] guilty plea can be determined only by considering all of the relevant circumstances surrounding it." *Brady,* 392 U.S. at 749. A plea is voluntary if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[A] plea of guilty entered by one fully aware of the direct consequences...must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970). In sum, "a guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act." *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

Defendant cites to a Fifth Circuit case for the proposition that the defendant must be informed of minimum sentence he may receive. The Fifth Circuit concluded that the former Rule 11(c)(1), now Rule 11(b)(1), of the Federal Rules of Criminal Procedure required a court to advise a defendant of any statutorily required minimum sentences which are based on the quantity of drugs involved in the offense. *United States v. Watch*, 7 F.3d 422, 428 (5th Cir.1993). In *Watch,* the defendant entered a guilty plea to possession of cocaine with intent to distribute. 7 F.3d at 425. Because the information filed did not include the amount of cocaine involved in the charge, the sentencing court was obligated to inform the defendant that a mandatory minimum of ten years would apply if the amount of cocaine base involved was greater than fifty grams. 7 F.3d at 425, 427. The district court committed error in informing the defendant, through the statements of the Assistant United States Attorney, that he would be subject only to a term of imprisonment between zero and twenty years. 7 F.3d at 427.

Rule 11 contains a checklist of consequences that a court must "inform the defendant of, and ...

7

determine that the defendant understands" before accepting a guilty plea. *United States v. Covian-Sandoval*, 462 F.3d 1090, 1095 (9th Cir. 2006). One of the consequences is "any mandatory minimum penalty." Fed.Crim.11(b)(1)(I). A plea colloquy "satisfying Rule 11's requirements will lead to a plea being considered knowing and voluntary, unless some misrepresentation or gross mischaracterization by counsel has tainted the plea." *United States v. Jeronimo*, 398 F.3d 1149, 1157 n. 5 (9th Cir. 2005).

Deviations from Rule 11 constitute reversible error only where the defendant's substantial rights are affected. *United States v. Littlejohn*, 224 F.3d 960, 965 (9th Cir.2000). *See also*, *United States v. Siu Kuen Ma*, 290 F.3d 1002, 1005 (9th Cir. 2002), stating, with reference to a Rule 11 error, that "[a] 'plain error' must be clear and obvious, 'highly prejudicial' and must affect 'substantial rights.' " (quoting *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770 (1993)).

To satisfy the prejudice component of "ineffective assistance of counsel" in the context of a guilty plea, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 370 (1985); *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) (record was replete with evidence that defendant was very reluctant to plead guilty and that defense counsel and Iaea's brother had a great deal of trouble convincing him to do so).

Here, the record shows that defendant did not want to go to trial. On the first day of trial, defendant decided to plead guilty and twice confirmed he did not want to be tried. In the colloquy with the Court, and as stated by the prosecutor, defendant was informed of the potential sentence ten years to life. The Court asked defendant if he understood the potential sentence:

> COURT:        Did you understand it
> DEFENDANT:    Yes
> COURT:        Do you have any question about it . . .?
> DEFENDANT:    Well, the only thing I could ask is to lower the time as much as they possible [sic] could.  (Doc. 130 §2255 petition p.14.)

Here, defendant argues that counsel failed to object because he had not been advised that the minimum sentence was ten years. Nonetheless, in the colloquy, the government stated that the penalty of ten years

8

to life imprisonment was the range of penalty. Defendant asked for less time. The Court further explained that the precise range of potential sentence could not stated because the Court needed a presentence report in which to do the requisite evaluation. Defendant stated that he understood. Defendant was informed he would be sentenced according to the Sentencing Guidelines which were non binding. Thus, defendant entered his guilty plea knowing that his range of offense was ten years to life. Defendant has failed to show that but for counsel's failure to object, he would not have plead guilty. Accordingly, he has failed to show ineffective assistance of counsel.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES defendant section 2255 relief. The clerk is directed to close Case No. CR F 05-0179 LJO and CV F 09-1895 LJO.

IT IS SO ORDERED.

**Dated:   November 9, 2009**               /s/ Lawrence J. O'Neill
                                             UNITED STATES DISTRICT JUDGE